UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:15-cr-0146-TWP-DML-1 |
| ) | |
| MARK ANTHONY CIESIOLKA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On May 25, 2016 and May 27, 2016, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on May 19, 2016. Defendant Ciesiolka appeared in person with his appointed counsel Gwendolyn Beitz. The government appeared by Tiffany McCormick, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Ross Carothers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Ciesiolka of his rights and ensured he had a copy of the petition. Defendant Ciesiolka waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Ciesiolka admitted violations 3 and 5. [Docket No. 6.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"The defendant shall not commit another federal, state, or local crime."** |

On December 8, 2015, the probation officer received information indicating the offender had a facebook account. The probation officer confronted the offender, and the offender admitted having a facebook account. This information was provided to the Bartholomew County Sheriff's Department. The probation officer was informed the offender had not reported having a facebook account when he registered as a sex offender in Bartholomew County. Pursuant to Indiana Code 11-8-8-17, Failure to Register is a Level 6 Felony.

| | |
|---|---|
| 5 | **"The defendant may only have personal access to computer internet services that are approved by the probation officer. The probation officer shall have access to the defendant's personal computer to verify the same."** |

On December 8, 2015, probation officers conducted a brief search of the offender's residence and located an unreported smart phone in the living room closet. The phone had internet capability.

On May 9, 2016, the offender admitted to accessing the Internet numerous times by cellular phone while on supervised release.

4. The government orally moved to dismiss violations 1, 2, 4, 6, and 7 and the Court granted the same.

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation [*See* Dkt. 14 at 1].

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

6. The parties jointly recommended a modification of Defendant Ciesiolka's supervised release to include residing at a Residential Reentry Center for a period of 8 months.

Following a discussion, the parties further agreed to modification of the conditions of Defendant Ciesiolka's supervised release as follows:

1. The defendant shall reside for a period of 8 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility.

2. You shall not commit another federal, state or local crime.

3. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

4. You shall cooperate with the collection of DNA as directed by the probation officer.

5. If this judgment imposes a fine or restitution, it is a condition of probation/supervised release that you pay in accordance with the Schedule of Payments sheet of the Judgment and Commitment Order.

6. You shall comply with the Requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

7. You shall permit a probation officer to visit you at a reasonable time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

8. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

9. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

10. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

11. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not

limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

12. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

13. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

14. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

15. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

16. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

17. You shall provide the probation officer access to any requested financial information.

18. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

19. You shall not have any unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to the probation officer and approved by the court. In determining whether to recommend approval of such activities involving members of your family, the probation officer shall determine if you have notified the persons having custody of any such minors about the conviction in this case and the fact that you are under supervision. If this notification has been made, and if the person having custody consents to these activities, then this condition is not intended to prevent recommended approval of the activity.

20. You are prohibited from entering or being within 20 feet of schools attended by minors, playgrounds, and childcare facilities.

21. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones,

and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

22. You shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

23. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer. You shall pay some or all of the costs of treatment, in accordance with your ability to pay.

24. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment. You shall pay some or all of the costs associated with the monitoring, in accordance with your ability to pay.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, and recommends that Defendant's supervised release be **MODIFIED** to include residing at a Residential Reentry Center (RRC) for a period of eight (8) months. In addition to the mandatory conditions of supervision, the Court further recommends imposing the administrative conditions set forth above, to be provided by USPO on Judgement and Commitment Order. Each condition

and justification imposed was read and explained to the defendant during the May 27, 2016 hearing. The defendant will self-surrender upon notification from the United States Probation Office.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 17 JUN 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal